**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| REBECCA LYNNE PATTERSON, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>CABALETTA BIO, INC., STEVEN A. NICHTBERGER, ANUP MARDA, DAVID J. CHANG, CATHERINE BOLLARD, BRIAN DANIELS, RICHARD HENRIQUES, and MARK SIMON,<br><br>Defendants. | Case No.: 2:22-cv-00737-JMY<br><br><u>CLASS ACTION</u> |

**MEMORANDUM IN SUPPPORT OF MOTION OF GRANT LACEY FOR**
**APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL**
<u>**OF SELECTION OF COUNSEL**</u>

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT.................................................................................................1

STATEMENT OF FACTS ....................................................................................................2

ARGUMENT ........................................................................................................................4

    I.      APPOINTING MOVANT AS LEAD PLAINTIFF IS APPROPRIATE .....................4

        A.      The Procedural Requirements Pursuant to the PSLRA.............................................4

        B.      Movant Is the "Most Adequate Plaintiff". ..............................................................5

            1.      Movant Has Complied with the PLSRA and Should Be Appointed Lead Plaintiff.........................................................................................................5

            2.      Movant Has the Largest Financial Interest in the Action. ................................6

            3.      Movant Satisfies the Requirements of Rule 23.................................................6

                i.      Movant's Claims Are Typical of the Claims of All Class Members. ................7

               ii.      Movant Will Adequately Represent the Class. ............................................8

    II.      APPROVAL OF MOVANT'S CHOICE OF COUNSEL IS APPROPRIATE. ...........9

CONCLUSION ...................................................................................................................10

## TABLE OF AUTHORITIES

**Cases**

*Beck v. Maximus, Inc.,*
  457 F.3d 291 (3d Cir.2006)............................................................................................8

*In re Cavanaugh*,
  306 F.3d 726 (9th Cir. 2002)..........................................................................................9

*In re Cendant Corp. Litig.*,
  264 F.3d 201 (3d Cir. 2001)..............................................................................6, 7, 8, 9

*City of Roseville Employees' Retirement System v. Horizon Lines Inc.,*
  No. 08-969, 2009 WL 1811067 (D. Del. June 18, 2009)...............................................5

*Cohen v. U.S. Dist. Court for the Northern Dist. of Cal.*,
  586 F.3d 703 (9th Cir. 2009)..........................................................................................9

*Cortese v. Radian Group, Inc.*,
  No. 07-3375, 2008 WL 269473 (E.D. Pa. Jan. 30, 2008) .............................................7

*Hassine v. Jeffes*,
  846 F.2d 169 (3d Cir.1988).............................................................................................7

*In re Herley Ind., Inc.*,
  No. 062596, 2010 WL 176869 (E.D. Pa. Jan. 15, 2010) ...............................................9

*In re Prudential Ins. Co. of Am. Sales Practices Litig.,*
  148 F.3d 283 (3d Cir.1998) ............................................................................................8

**Statutes**

15 U.S.C. § 77-1 .....................................................................................................*passim*

15 U.S.C. § 78u-4 ...................................................................................................*passim*

**Rules**

Fed. R. Civ. P. 23 ....................................................................................................*passim*

Grant Lacey ("Movant") hereby moves for an order: (1) appointing Movant as lead plaintiff in the Action pursuant to the Private Securities Litigation Reform Act of 1995 ("PLSRA"); and (2) approving Movant's selection of Levi & Korsinsky, LLP as Lead Counsel and Pribanic & Pribanic, LLC as Liaison Counsel.

## PRELIMINARY STATEMENT

This is a federal class action on behalf of all persons and entities other than Defendants that purchased or otherwise acquired: (a) Cabaletta Bio, Inc. ("Cabaletta" or the "Company") common stock pursuant and/or traceable to the Offering Documents issued in connection with the Company's initial public offering conducted on or about October 24, 2019 (the "IPO" or "Offering"); and/or (b) Cabaletta securities between October 24, 2019 and December 13, 2021, both dates inclusive (the "Class Period"), seeking to pursue remedies under the Securities Act of 1933 (the "Securities Act") and Securities Exchange Act of 1934 (the "Exchange Act").

The Action was filed against the Company, Steven A. Nichtberger ("Nichtberger"), Anup Marda ("Marda"), David J. Chang ("Chang"), Catherine Bollard ("Bollard"), Brian Daniels ("Daniels"), Richard Henriques ("Henriques"), and Mark Simon ("Simon"), (collectively "Defendants", and defendant other than the Company, "Individual Defendant"), and is pending in this Court. On February 28, 2022, the first notice that a class action had been initiated against Defendants was published on *PRNewswire*., a widely circulated national business-oriented wire service, advising members of the proposed Class of their right to move the Court to serve as lead plaintiff no later than 60 days after the issuance of the notice. *See* Declaration of Vincent A. Coppola ("Coppola Decl.") at Exhibit C. Movant has timely filed this motion and seeks appointment as lead plaintiff.

As described in the certification and loss chart attached to the Coppola Decl. as Exhibits A and B, respectively, Movant has suffered losses of approximately $16,339.10 purusuant to the Exchange Act claims.[1] To the best of his knowledge, Movant sustained the largest loss of any investor seeking to be appointed as lead plaintiff.

In addition to evidencing the largest financial interest in the outcome of this litigation, Movant's certification also demonstrates his intent to serve as lead plaintiff in this litigation, including his cognizance of the duties of serving in that role. Movant fully understands his duties and responsibilities to the Class and is willing and able to oversee counsel's vigorous prosecution of the Action. As a result, Movant satisfies the applicable requirements of both the PSLRA and Rule 23 of the Federal Rules of Civil Procedure. Movant is thus to be accorded a presumption of being the "most adequate plaintiff."

## STATEMENT OF FACTS[2]

Cabaletta, a clinical-stage biotechnology company, focuses on the discovery and development of engineered T cell therapies for patients with B cell-mediated autoimmune diseases. ¶ 2. The Company's proprietary technology utilizes chimeric autoantibody receptor (CAAR) T cells that are designed to selectively bind and eliminate B cells, which produce disease-causing autoantibodies or pathogenic B cells. *Id*. Cabaletta's lead product candidate is DSG3-CAART, which is in Phase I clinical trial for the treatment of mucosal pemphigus vulgaris (the "Phase 1

---

[1] Movant also has $14,868.88 in losses pursuant to the Securities Act claims.

[2] Citations to "¶ __" are to paragraphs of the Class Action Complaint (the "*Patterson* Complaint") filed in the action styled *Patterson v. Cabaletta Bio, Inc., et. al.,* Case No. 2:22-cv-00737-JMY (the "*Patterson* Action"). Unless otherwise defined, capitalized terms shall have the same meaning set forth in the *Patterson* Complaint. The facts set forth in the *Patterson* Complaint are incorporated herein by reference.

Clinical Trial"), an autoimmune blistering skin disease, and Hemophilia A with Factor VIII alloantibodies. *Id*.

Cabaletta filed a registration statement on Form S-1 with the SEC in connection with the IPO on September 30, 2019, which, after amendment, was declared effective by the SEC on October 24, 2019 (the "Registration Statement"). ¶ 3. On October 25, 2019, the Company filed a prospectus on Form 424B4 with the SEC in connection with the IPO, which incorporated and formed part of the Registration Statement (the "Prospectus" and, together with the Registration Statement, the "Offering Documents"). ¶ 5.

Pursuant to the Offering Documents, Cabaletta conducted the IPO, selling approximately 6.8 million shares of common stock priced at $11.00 per share, for approximate proceeds of $69.5 million to the Company after applicable underwriting discounts and commissions, and before expenses. ¶ 6.

The Offering Documents were negligently prepared and, as a result, contained untrue statements of material fact or omitted to state other facts necessary to make the statements made not misleading and were not prepared in accordance with the rules and regulations governing their preparation. ¶ 7. Moreover, throughout the Class Period, Defendants made materially false and misleading statements regarding the Company's business, operations, and compliance policies. *Id*. Specifically, the Offering Documents and Defendants made false and/or misleading statements and/or failed to disclose that: (i) top-line data of the Phase 1 Clinical Trial indicated that DSG3-CAART had, among other things, worsened certain participants' disease activity scores and necessitated additional systemic medication to improve disease activity after DSG3-CAART infusion; (ii) accordingly, DSG3-CAART was not as effective as the Company had represented to investors; (iii) therefore, the Company had overstated DSG3-CAART's clinical and/or commercial

prospects; and (iv) as a result, the Company's public statements were materially false and misleading at all relevant times. *Id*.

Cabaletta issued a press release on December 14, 2021 "report[ing] top-line data on biologic activity from the two lowest dose cohorts in the DesCAARTes™ Phase 1 clinical trial of DSG3-CAART for the treatment of patients with mucosal Pemphigus Vulgaris (mPV)." ¶ 8. Among other results, the Company reported that two cohort participants had "disease activity scores that worsened . . . after DSG3-CAART infusion" and thus "reduced or discontinued selected systemic therapies prior to DSG3-CAART infusion, as required by the protocol", while another participant "subsequently received systemic medication to improve disease activity after DSG3-CAART infusion." *Id*.

In response to this news, Cabaletta's stock price declined 73.14%, or $9.15 per share, to close on December 14, 2021 at $3.36 per share. ¶ 9.

## ARGUMENT

## I.    APPOINTING MOVANT AS LEAD PLAINTIFF IS APPROPRIATE

### A.    The Procedural Requirements Pursuant to the PSLRA

The PSLRA sets forth a detailed procedure for the selection of a lead plaintiff to oversee securities class actions. *See* 15 U.S.C. § 77z-1(a)(3) and 15 U.S.C. § 78u-4(a)(3). First, the plaintiff who files the initial action must, within 20 days of filing the action, publish a notice to the class informing class members of their right to file a motion for appointment as Lead Plaintiff. 15 U.S.C. § 77z-1(a)(3)(A)(i) and 15 U.S.C. § 78u-4(a)(3)(A)(i). Plaintiff in the first-filed action published a notice on *PRNewswire* on February 28, 2022. *See* Coppola Decl., Ex. C ("Press Release"). This notice announced that applications for appointment as lead plaintiff had to be made within 60 days from that date. As the PSLRA notes, after publication of the required notice, any member or

4

members of the proposed Class may apply to the Court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the Action. 15 U.S.C. § 77z-1(a)(3)(A) and (B), and 15 U.S.C. § 78u-4(a)(3)(A) and (B).

Next, according to the PSLRA, within 90 days after publication of the initial notice of pendency of the action, the Court shall appoint as lead plaintiff the movant or movants that the Court determines to be most capable of adequately representing the interests of Class Members. 15 U.S.C. § 77z-1(a)(3)(B)(i) and 15 U.S.C. § 78u-4(a)(3)(B)(i). This involves a two-step process. "First, [the Court should] identify a presumptive lead plaintiff, and second, [] determine whether the presumption has been rebutted." *City of Roseville Emples' Retirement Sys. v. Horizon Lines Inc.,* No. 08-969, 2009 WL 1811067, at *1 (D. Del. June 18, 2009). As indicated by the PSLRA:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this title is the person or group of persons that—
>
>> (aa) has either filed the complaint or made a motion in response to a notice...
>> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>>
>> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure [pertaining to class actions].

15 U.S.C. § 77z-1(a)(3)(B)(iii) and 15 U.S.C. § 78u-4(a)(3)(B)(iii).

### B.    Movant Is the "Most Adequate Plaintiff".

#### 1.    Movant Has Complied with the PLSRA and Should Be Appointed Lead Plaintiff.

Movant has met the requirement of 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I)(aa) and 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa) by timely filing a motion on April 29, 2022. Moreover, Movant has sustained a substantial loss from his investment in Cabaletta common stock pursuant and/or traceable to the IPO and/or securities and has shown a willingness to represent the Class. Movant has signed a certification detailing his transactions information during the Class Period. *See*

Coppola Decl., Ex. A. As demonstrated by this certification, Movant is prepared to consult with counsel on a regular basis prior to every major litigation event and direct the course of litigation with the benefit of counsel's advice.

In addition, Movant has selected and retained highly competent counsel with significant experience in class action and securities litigation to represent the Class. The firm résumés of proposed Lead Counsel Levi & Korsinsky, LLP and proposed liaison counsel of Pribanic & Pribanic, LLC are attached as Exhibit E to the Coppola Decl.

### 2. Movant Has the Largest Financial Interest in the Action.

According to 15 U.S.C. § 77z-1(a)(3)(B)(iii) and 15 U.S.C. § 78u-4(a)(3)(B)(iii), the Court shall appoint as Lead Plaintiff the movant or movants who have the largest financial interest in the relief sought by the action. As demonstrated herein, Movant (with losses of approximately $16,399.10 pursuant to the Exchange Act, and $14,868.88 pursuant to the Securities Act) has the largest known financial interest in the relief sought by the Class. *See* Coppola Decl., Ex. B.

### 3. Movant Satisfies the Requirements of Rule 23.

According to 15 U.S.C. § 77z-1(a)(3)(B) and 15 U.S.C. § 78u-4(a)(3)(B), in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Of the four prerequisites to class certification outlined in Federal Rule of Civil Procedure 23 (*i.e.*, numerosity, commonality, typicality, and adequacy), only two – typicality and adequacy – are recognized by the Third Circuit as appropriate for consideration at this stage. *In re Cendant Corp. Litig.*, 264 F.3d 201, 263 (3d Cir. 2001). The Third Circuit further emphasizes that only a *prima*

6

*facie* showing is required by Movant. *Id.* As detailed below, Movant satisfies both the typicality and adequacy requirements of Rule 23, thereby justifying his appointment as lead plaintiff.

### i. *Movant's Claims Are Typical of the Claims of All Class Members.*

Under Rule 23(a)(3), typicality exists where "the claims . . . of the representative parties" are "typical of the claims . . . of the class." The typicality requirement of Rule 23(a)(3) is satisfied when the representative plaintiff's claims arise from the same event or course of conduct that gives rise to claims of other Class Members, and when the claims are based on the same legal theory. Put differently, the relevant inquiry is whether the circumstances of the movant or movants with the largest losses are "markedly different or the legal theory upon which the claims [] are based differ [] from that upon which the claims of other class members will perforce be based." *Cendant,* 264 F.3d at 265 (citing *Hassine v. Jeffes*, 846 F.2d 169, 177 (3d Cir. 1988)).

In this case, the typicality requirement is met because Movant's claims are identical, non-competing, and non-conflicting with the claims of the other Class Members. Movant purchased Cabaletta common stock pursuant and/or traceable to the IPO and/or securities during the Class Period when the stock prices were artificially inflated as a result of the fraudulent misrepresentations and omissions. Thus, Movant and all Class Members suffered damages as a result of these purchases. Movant and the Class all (1) purchased Cabaletta common stock pursuant and/or traceable to the IPO and/or securities during the Class Period (2) at artificially-inflated prices as a result of the material misrepresentations and omissions, and (3) suffered damages thereby. *See Cortese v. Radian Group, Inc.*, No. 07-3375, 2008 WL 269473, at *2 (E.D. Pa. Jan. 30, 2008) ("Iron Workers and Ann Arbor satisfy the typicality requirement, because, like the other class members, they: 1) purchased Cabaletta common stock pursuant and/or traceable to the IPO

and/or securities during the Class Period; 2) at prices that were allegedly artificially inflated by the defendants' materially false and misleading statements; and 3) suffered damages as a result.").

Although a movant or movants may be considered atypical if "subject to a unique defense that is likely to become a major focus of the litigation," *Beck v. Maximus, Inc.,* 457 F.3d 291, 301 (3d Cir.2006), Movant is not subject to any unique or special defenses. Movant thus satisfies the typicality requirement of Rule 23.

### ii.    *Movant Will Adequately Represent the Class.*

Under Rule 23(a)(4), the representative party must "fairly and adequately protect the interests of the class." The PSLRA directs the Court to limit its inquiry regarding the adequacy of the Movant to whether: (1) there are any conflicts between the interests of the Movant and other members of the Class; (2) the Movant is an adequate representative of the Class; (3) Movant's interests are clearly aligned with the interest of members of the putative Class; and (4) there is evidence of any antagonism between their respective interests. 15 U.S.C. § 77z-1(a)(3)(B) and 15 U.S.C. § 78u-4(a)(3)(B); *Cendant*, 264 F.3d at 265 (Courts should consider whether a movant or movants "has the ability and incentive to represent the claims of the class vigorously, [whether it] has obtained adequate counsel, and [whether] there is [a] conflict between [the movant's] claims and those asserted on behalf of the class.") (citation omitted); *In re Prudential Ins. Co. of Am. Sales Practices Litig.,* 148 F.3d 283, 312 (3d Cir.1998) (looking to whether class counsel is qualified and there is an absence of conflicts between the representative and the class).

Movant's interests are clearly aligned with the members of the Class because his claims are identical to the claims of the Class. There is no evidence of antagonism between his interests and those of the proposed Class Members. Furthermore, Movant has a significant, compelling interest in prosecuting the Action to a successful conclusion based upon the large financial loss he

8

has incurred as a result of the wrongful conduct alleged herein. This motivation, combined with Movant's similar interest with the members of the Class, clearly shows that Movant will adequately and vigorously pursue the interests of the Class. In addition, Movant has selected law firms that are highly experienced in successfully prosecuting securities class actions and other complex, federal litigation.

Therefore, because Movant not only meets both the typicality and adequacy requirements of Rule 23, but also has sustained the largest amount of losses, Movant is presumptively the most adequate plaintiff to lead the Action. As such, Movant will prosecute the Action vigorously on behalf of the Class.

## II.    APPROVAL OF MOVANT'S CHOICE OF COUNSEL IS APPROPRIATE.

The PSLRA vests authority in the lead plaintiff to select and retain counsel to represent the Class, subject to the Court's approval. 15 U.S.C. § 77z-1(a)(3)(B)(v) and 15 U.S.C. § 78u-4(a)(3)(B)(v); *In re Cendant Corp. Litig.*, 264 F.3d 201, 273-76 (3d Cir. 2001); *see also Cohen v. U.S. Dist. Court for the Northern Dist. of Cal.*, 586 F.3d 703, 710 (9th Cir. 2009) (noting that "the lead plaintiff, not the district court, selects lead counsel"); *In re Cavanaugh*, 306 F.3d 726 (9th Cir. 2002). "Unless a lead plaintiff's selection of counsel would fail to protect the interest of the class, a court should not interfere with the selection process." *In re Herley Ind., Inc.*, No. 06-2596, 2010 WL 176869, at *5 (E.D. Pa. Jan. 15, 2010).

Movant has selected Levi & Korsinsky, LLP as Lead Counsel and Pribanic & Pribanic, LLC as Liaison Counsel for the Class. These firms have not only successfully prosecuted complex securities fraud actions, but they have also successfully prosecuted many other types of complex class actions. *See* Coppola Decl., Ex. D. Furthermore, these firms have continually invested time and resources in carefully investigating and prosecuting this case. The Court may be assured that the proposed lead and liaison counsel will provide the highest caliber of legal representation.

## **CONCLUSION**

For all of the foregoing reasons, Movant respectfully requests that the Court: (1) appoint Movant to serve as lead plaintiff in the Action; (2) approve Movant's selection of Levi & Korsinsky, LLP as Lead Counsel and Pribanic & Pribanic, LLC as Liaison Counsel for the Class; and (3) grant such other and further relief as the Court may deem just and proper.

DATED: April 29, 2022

Respectfully Submitted,

**PRIBANIC & PRIBANIC, LLC**

*/s/ Vincent A. Coppola*
Vincent A. Coppola, Esq.
Penn. Attorney #50181
513 Court Place
Pittsburgh, PA 15219
Tel: (412) 281-8844
Fax: (412) 281-4740
Email: vcoppola@pribanic.com

*Proposed Liaison Counsel for Lead Plaintiff Movant and the Class*

**LEVI & KORSINSKY, LLP**
Adam M. Apton
(*pro hac vice* forthcoming)
55 Broadway, 10th Floor
New York, NY 10006
Tel: (212) 363-7500
Fax: (212) 363-7171
Email: aapton@zlk.com

*Proposed Lead Counsel for Lead Plaintiff Movant and the Class*

10

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 29, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such to all CM/ECF participants.


Dated: April 29, 2022

*/s/ Vincent S. Coppola*
Vincent S. Coppola

11