**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| REBECCA LYNNE PATTERSON, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>CABALETTA BIO, INC., STEVEN A. NICHTBERGER, ANUP MARDA, DAVID J. CHANG, CATHERINE BOLLARD, BRIAN DANIELS, RICHARD HENRIQUES, and MARK SIMON,<br><br>Defendants. | Case No.  2:22-cv-00737-JMY |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF
CHARLES CASEY NOLAN FOR APPOINTMENT AS LEAD PLAINTIFF AND
APPROVAL OF COUNSEL**

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ...............................................................................................1

STATEMENT OF FACTS ....................................................................................................2

ARGUMENT........................................................................................................................5

      A.      NOLAN SHOULD BE APPOINTED LEAD PLAINTIFF ...................................5

            1.      Nolan Is Willing to Serve as a Class Representative...................................6

            2.      Nolan Has the "Largest Financial Interest" ................................................6

            3.      Nolan Otherwise Satisfies the Requirements of Rule 23 of the
                   Federal Rules of Civil Procedure................................................................7

            4.      Nolan Will Fairly and Adequately Represent the Interests of the
                   Class and Is Not Subject to Unique Defenses.............................................9

      B.      LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE
           APPROVED .....................................................................................................10

CONCLUSION....................................................................................................................11

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*A.F.I.K. Holding SPRL v. Fass*,
216 F.R.D. 567 (D.N.J. 2003)..........................................................................................7

*Amchem Prods., Inc. v. Windsor*,
521 U.S. 591, 625 (1997)..................................................................................................9

*Baby Neal v. Casey*,
43 F.3d 48, 55 (3d Cir. 1994)............................................................................................8

*Beck v. Maximus, Inc.*,
457 F.3d 291 (3d Cir. 2006)...........................................................................................8, 9

*Danis v. USN Communs., Inc.*,
189 F.R.D. 391 (N.D. Ill. 1999)........................................................................................8

*Fischler v. Amsouth Bancorporation*,
176 F.R.D. 583 (M.D. Fla. 1997)......................................................................................8

*Gluck v. Cellstar Corp.*,
976 F. Supp. 542, 546 (N.D. Tex. 1997) ..........................................................................8

*Greebel v. FTP Software*,
939 F. Supp. 57 (D. Mass. 1996) ......................................................................................7

*In re Am. Bus. Fin. Servs., Inc. Sec. Litig.*,
2004 U.S. Dist. LEXIS 10200 (E.D. Pa. June 3, 2004) ....................................................7

*In re Comverse Tech., Inc., Sec. Litig.*,
2007 U.S. Dist. LEXIS 14878 (E.D.N.Y. Mar. 2, 2007)..........................................6, 10, 11

*In re Olsten Corp. Sec. Litig.*,
3 F. Supp.2d 286 (E.D.N.Y. 1998) .................................................................................6, 8

*In re Oxford Health Plans, Inc. Sec. Litig.*,
182 F.R.D. 42 (S.D.N.Y. 1998) ........................................................................................8

*In re Vicuron Pharms., Inc. Sec. Litig.*,
225 F.R.D. 508 (E.D. Pa. 2004).........................................................................................6

*Janovici v. DVI, Inc.*,
No. 03-4795, 2003 U.S. Dist. LEXIS 22315 (E.D. Pa. Nov. 25, 2003) ...........................6

*Lax v. First Merch. Acceptance Corp.*,
    Nos. 97 C 2715 et al., 1997 U.S. Dist. LEXIS 11866, (N.D. Ill. Aug. 6, 1997)........................6

*Osher v. Guess?, Inc.*,
    2001 U.S. Dist. LEXIS 6057 (C.D. Cal. Apr. 26, 2001) ........................................................10

*Riordan v. Smith Barney*,
    113 F.R.D. 60 (N.D. Ill. 1986).................................................................................................9

**Statutes**

15 U.S.C. § 77z-1.................................................................................................... *passim*

15 U.S.C. § 78u-4 ................................................................................................... *passim*

Private Securities Litigation Reform Act of 1995 .................................................. *passim*

Securities Act of 1933.....................................................................................................1

Securities Exchange Act of 1934....................................................................................1

**Rules**

Fed. R. Civ. P. 23 .................................................................................................. *passim*

Movant Charles Casey Nolan ("Nolan") respectfully submits this Memorandum of Law in support of his motion, pursuant to Section 27(a)(3) of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. § 77z-1(a)(3), and Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), for the entry of an Order: (1) appointing Nolan as Lead Plaintiff on behalf of persons or entities who purchased or otherwise acquired (a) Cabaletta Bio, Inc. ("Cabaletta" or the "Company") common stock pursuant and/or traceable to the Offering Documents (defined below) issued in connection with the Company's initial public offering conducted on or about October 24, 2019 (the "IPO" or "Offering"); and/or (b) Cabaletta securities between October 24, 2019 and December 13, 2021, both dates inclusive (the "Class Period") (the "Class"); and (2) approving proposed Lead Plaintiff's selection of Pomerantz LLP ("Pomerantz") as Lead Counsel and the Rosen Law Firm, P.A. ("Rosen") as Liaison Counsel for the Class.

## **PRELIMINARY STATEMENT**

The Complaint in the above-captioned action (the "Action") alleges that the above-captioned defendants ("Defendants") disseminated a materially false or misleading registration statement to investors in connection with the Company's IPO in violation of the Securities Act, as well as defrauded investors in violation of the Exchange Act. Cabaletta investors, including Nolan, incurred significant losses following the disclosure of the alleged wrongful conduct, which caused the prices of Cabaletta securities to fall sharply, damaging Nolan and other Cabaletta investors.

Pursuant to the PSLRA, the Court is to appoint as Lead Plaintiff the movant or group of movants that possesses the largest financial interest in the outcome of the Action and that

satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"). 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I); 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). In connection with his purchases of Cabaletta common stock traceable to the Offering Documents issued in connection with the IPO, Nolan incurred losses of approximately $1,690. *See* Declaration of Jacob A. Goldberg in Support of Motion ("Goldberg Decl."), Exhibit ("Ex.") A. Accordingly, Nolan believes that he has the largest financial interest in the relief sought in the Action.

Beyond his considerable financial interest, Nolan also meets the applicable requirements of Rule 23 because his claims are typical of absent Class members and because he will fairly and adequately represent the interests of the Class.

In order to fulfill his obligations as Lead Plaintiff and vigorously prosecute the Action on behalf of the Class, Nolan has selected Pomerantz as Lead Counsel, and Rosen as Liaison Counsel, for the Class. These firms' attorneys are highly experienced in the area of securities litigation and class actions, and have successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors, as detailed in the firms' respective resumes.

Accordingly, Nolan respectfully requests that the Court enter an order appointing Nolan as Lead Plaintiff for the Class and approving Nolan's selection of Pomerantz as Lead Counsel, and Rosen as Liaison Counsel, for the Class.

## STATEMENT OF FACTS

As alleged in the Complaint in the Action, Cabaletta, a clinical-stage biotechnology company, focuses on the discovery and development of engineered T cell therapies for patients with B cell-mediated autoimmune diseases. The Company's proprietary technology utilizes chimeric autoantibody receptor (CAAR) T cells that are designed to selectively bind and eliminate B cells, which produce disease-causing autoantibodies or pathogenic B cells.

2

Cabaletta's lead product candidate is DSG3-CAART, which is in Phase I clinical trial for the treatment of mucosal pemphigus vulgaris (the "Phase 1 Clinical Trial"), an autoimmune blistering skin disease, and Hemophilia A with Factor VIII alloantibodies.

On September 30, 2019, Cabaletta filed a registration statement on Form S-1 with the U.S. Securities and Exchange Commission ("SEC") in connection with the IPO, which, after amendment, was declared effective by the SEC on October 24, 2019 (the "Registration Statement").

On or about October 24, 2019, pursuant to the Registration Statement, Cabaletta's common stock began trading on the Nasdaq Global Select Market under the trading symbol "CABA".

On October 25, 2019, Cabaletta filed a prospectus on Form 424B4 with the SEC in connection with the IPO, which incorporated and formed part of the Registration Statement (together with the Registration Statement, the "Offering Documents").

Pursuant to the Offering Documents, Cabaletta conducted the IPO, selling approximately 6.8 million shares of common stock priced at $11.00 per share, for approximate proceeds of $69.5 million to the Company after applicable underwriting discounts and commissions, and before expenses.

The Offering Documents were negligently prepared and, as a result, contained untrue statements of material fact or omitted to state other facts necessary to make the statements made not misleading and were not prepared in accordance with the rules and regulations governing their preparation. Additionally, throughout the Class Period, Defendants made materially false and misleading statements regarding the Company's business, operations, and compliance policies. Specifically, the Offering Documents and Defendants made false and/or misleading

3

statements and/or failed to disclose that: (i) top-line data of the Phase 1 Clinical Trial indicated that DSG3-CAART had, among other things, worsened certain participants' disease activity scores and necessitated additional systemic medication to improve disease activity after DSG3-CAART infusion; (ii) accordingly, DSG3-CAART was not as effective as the Company had represented to investors; (iii) therefore, the Company had overstated DSG3-CAART's clinical and/or commercial prospects; and (iv) as a result, the Company's public statements were materially false and misleading at all relevant times.

On December 14, 2021, Cabaletta issued a press release "report[ing] top-line data on biologic activity from the two lowest dose cohorts in the DesCAARTes™ Phase 1 clinical trial of DSG3-CAART for the treatment of patients with mucosal Pemphigus Vulgaris (mPV)." Among other results, Cabaletta reported that two cohort participants had "disease activity scores that worsened . . . after DSG3-CAART infusion" and thus "reduced or discontinued selected systemic therapies prior to DSG3-CAART infusion, as required by the protocol", while another participant "subsequently received systemic medication to improve disease activity after DSG3-CAART infusion."

On this news, Cabaletta's stock price fell $9.15 per share, or 73.14%, to close at $3.36 per share on December 14, 2021.

As of the time the Complaint was filed, the price of Cabaletta common stock continued to trade below the $11.00 per share Offering price, damaging investors.

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, the plaintiff in the Action and other Class members have suffered significant losses and damages.

4

## ARGUMENT

### A.    NOLAN SHOULD BE APPOINTED LEAD PLAINTIFF

Nolan should be appointed Lead Plaintiff because, to his knowledge, he has the largest financial interest in the Action and otherwise meets the requirements of Rule 23.  The PSLRA sets forth procedures for the selection of lead plaintiff in class actions brought under the Securities Act and the Exchange Act.  The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of the class action by the later of (i) 90 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate.  *See* 15 U.S.C. § 77z-1(a)(3)(B)(i)-(ii); 15 U.S.C. § 78u-4(a)(3)(B)(i)-(ii).

Further, under 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I) and 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I), the Court is directed to consider all motions by plaintiffs or purported class members to appoint lead plaintiff filed in response to any such notice.  Under this section, the Court "shall" appoint "the presumptively most adequate plaintiff" to serve as lead plaintiff and shall presume that plaintiff is the person or group of persons, that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 77z-1(a)(3)(B)(iii)(I); 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

As set forth below, Nolan satisfies all three of these criteria and thus is entitled to the presumption that he is the most adequate plaintiff of the Class and, therefore, should be appointed Lead Plaintiff for the Class.

5

### 1.    Nolan Is Willing to Serve as a Class Representative

On February 28, 2022, Pomerantz, counsel for plaintiff in the Action, caused a notice to be published over *PRNewswire* pursuant to Section 27(a)(3)(A)(i) and Section 21D(a)(3)(A)(i) of the PSLRA (the "Notice"), which announced that a securities class action had been filed against Defendants, and advised investors of Cabaletta securities that they had until April 29, 2022—*i.e.*, 60 days—to file a motion to be appointed as Lead Plaintiff. *See* Goldberg Decl., Ex. B.

Nolan has filed this instant motion pursuant to the Notice, and has attached a Certification attesting that he is willing to serve as a representative for the Class, and provide testimony at deposition and trial, if necessary. *See id.*, Ex. C. Accordingly, Nolan satisfies the first requirement to serve as Lead Plaintiff of the Class.

### 2.    Nolan Has the "Largest Financial Interest"

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 77z-1(a)(3)(B)(iii); 15 U.S.C. § 78u-4(a)(3)(B)(iii).

As of the time of the filing of this motion, Nolan believes that he has the largest financial interest of any of the Lead Plaintiff movants based on the four factors articulated in the seminal case *Lax v. First Merch. Acceptance Corp.*, Nos. 97 C 2715 et al., 1997 U.S. Dist. LEXIS 11866, at *17 (N.D. Ill. Aug. 6, 1997) (financial interest may be determined by (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered).[1] The most critical among the Lax-Olsten factors is the approximate loss suffered. *See, e.g.*, *In re Vicuron Pharms., Inc. Sec. Litig.*, 225 F.R.D. 508, 511 (E.D. Pa. 2004); *Janovici v.*

---

[1] *See also In re Olsten Corp. Sec. Litig.,* 3 F. Supp.2d 286, 296 (E.D.N.Y. 1998); *accord In re Comverse Tech., Inc., Sec. Litig.*, 2007 U.S. Dist. LEXIS 14878, at *22–25 (E.D.N.Y. Mar. 2, 2007) (collectively, the "Lax-Olsten" factors).

*DVI, Inc.*, No. 03-4795, 2003 U.S. Dist. LEXIS 22315, at *39 (E.D. Pa. Nov. 25, 2003); *In re Am. Bus. Fin. Servs., Inc. Sec. Litig.*, 2004 U.S. Dist. LEXIS 10200, at *2–3 (E.D. Pa. June 3, 2004); *A.F.I.K. Holding SPRL v. Fass*, 216 F.R.D. 567, 572 (D.N.J. 2003).

In connection with his purchases of Cabaletta common stock traceable to the Offering Documents issued in connection with the IPO, Nolan incurred losses of approximately $1,690. *See* Goldberg Decl., Ex. A.  To the extent that Nolan possesses the largest financial interest in the outcome of this litigation, he may be presumed to be the "most adequate" plaintiff.  15 U.S.C. § 77z-1(a)(3)(B)(iii)(I)(bb); 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

### 3.    Nolan Otherwise Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

Section 27(a)(3)(B)(iii)(I)(cc) and Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, Lead Plaintiffs must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure."  Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23.

In making its determination that a Lead Plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification; instead a *prima facie* showing that movants satisfy the requirements of Rule 23 is sufficient. *Greebel v. FTP Software*, 939 F. Supp. 57, 60 (D. Mass. 1996).  Moreover, "typicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff

7

under the PSLRA." *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998) (citing *Gluck v. Cellstar Corp.*, 976 F. Supp. 542, 546 (N.D. Tex. 1997) and *Fischler v. Amsouth Bancorporation*, 176 F.R.D. 583 (M.D. Fla. 1997)); *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d at 296.

The typicality requirement of Rule 23(a)(3) is satisfied where named representatives' claims have the "same essential characteristics as the claims of the class at large." *Danis v. USN Communs., Inc.*, 189 F.R.D. 391, 395 (N.D. Ill. 1999). In other words, "the named plaintiffs' claims [must be] typical, in common-sense terms, of the class, thus suggesting that the incentives of the plaintiffs are aligned with those of the class." *Beck v. Maximus, Inc.*, 457 F.3d 291, 295-96 (3d Cir. 2006) (quoting *Baby Neal v. Casey*, 43 F.3d 48, 55 (3d Cir. 1994)) (noting that "factual differences will not render a claim atypical if the claim arises from the same event or practice or course of conduct that gives rise to the claims of the class members, and if it is based on the same legal theory").

The claims of Nolan are typical of those of the Class. Nolan alleges, as do all Class members, that Defendants violated the Securities Act and the Exchange Act by making false or misleading statements of material facts concerning the Company, or by omitting to state material facts necessary to make the statements they did make not misleading. Nolan, like other members of the Class, purchased or otherwise acquired Cabaletta common stock traceable to the Offering Documents issued in connection with the Company's IPO at prices artificially inflated by Defendants' misrepresentations or omissions and was damaged upon the disclosure of those misrepresentations and/or omissions. These shared claims, which are based on the same legal theory and arise from the same events and course of conduct as the Class's claims, satisfy the typicality requirement of Rule 23(a)(3).

The adequacy of representation requirement of Rule 23(a)(4) is satisfied where it is established that representative parties "will fairly and adequately protect the interests of the class." Class representatives must also have "sufficient interest in the outcome of the case to ensure vigorous advocacy." *Riordan v. Smith Barney*, 113 F.R.D. 60, 64 (N.D. Ill. 1986); *Beck*, 457 F.3d at 296 (emphasizing that the adequacy inquiry "'serves to uncover conflicts of interest between named parties and the class they seek to represent'" (quoting *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 625 (1997)).

Nolan is an adequate representative for the Class. There is no antagonism between the interests of Nolan and those of the Class, and his losses demonstrate that he has a sufficient interest in the outcome of this litigation to ensure vigorous advocacy. Moreover, Nolan has retained counsel highly experienced in vigorously and efficiently prosecuting securities class actions such as this Action, and submits his choices to the Court for approval pursuant to 15 U.S.C. § 77z-1(a)(3)(B)(v) and 15 U.S.C. § 78u-4(a)(3)(B)(v).

Further demonstrating his adequacy, Nolan has submitted a Declaration attesting to, *inter alia*, his background, his investing experience, his understanding of the responsibilities of a Lead Plaintiff pursuant to the PSLRA, his decision to seek appointment as Lead Plaintiff, and the steps that he is prepared to take to prosecute this litigation on behalf of the Class. *See* Goldberg Decl., Ex. D.

### 4. Nolan Will Fairly and Adequately Represent the Interests of the Class and Is Not Subject to Unique Defenses

The presumption in favor of appointing Nolan as Lead Plaintiff may be rebutted only upon proof "by a member of the purported plaintiff class" that the presumptively most adequate plaintiff:

> (aa)    will not fairly and adequately protect the interest of the class; or

9

(bb)    is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 77z-1(a)(3)(B)(iii)(II) and 15 U.S.C. § 78u-4(a)(3)(b)(iii)(II).

The ability and desire of Nolan to fairly and adequately represent the Class has been discussed above.  Nolan is not aware of any unique defenses Defendants could raise that would render him inadequate to represent the Class.  Accordingly, Nolan should be appointed Lead Plaintiff for the Class.

**B.**    **LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED**

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to the approval of the Court.  *See* 15 U.S.C. § 77z-1(a)(3)(B)(v); 15 U.S.C. § 78u-4(a)(3)(B)(v); *Osher v. Guess?, Inc.*, 2001 U.S. Dist. LEXIS 6057, at *15 (C.D. Cal. Apr. 26, 2001).  The Court should interfere with a Lead Plaintiff's selection only when necessary to "protect the interests of the class." 15 U.S.C. § 77z-1(a)(3)(B)(iii)(II)(aa); 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Here, Nolan has selected Pomerantz as Lead Counsel for the Class.  Pomerantz is highly experienced in the area of securities litigation and class actions, and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors, as detailed in the firm's resume.  *See* Goldberg Decl., Ex. E.  Pomerantz recently secured a recovery of $3 billion on behalf of investors in the securities of Petróleo Brasileiro S.A. — Petrobras, the largest class action settlement in a decade and the largest settlement ever in a class action involving a foreign issuer.  Petrobras is part of a long line of record setting recoveries led by Pomerantz, including the $225 million settlement in *In re Comverse Technology, Inc. Securities Litigation*, No. 06-CV-1825 (E.D.N.Y.), in June 2010.  *See id.*  Most recently, Pomerantz announced as Lead Counsel on behalf of a class of Fiat Chrysler Automobiles N.V. investors that it has reached a $110 million settlement with the company.  *See id.*

10

In addition, Rosen has an extensive history of bringing significant recoveries to investors and is experienced in the area of securities litigation and class actions, having been appointed as lead counsel in securities class actions in this District and in other courts throughout the nation. *See* Goldberg Decl., Ex. F. The firm has prosecuted numerous securities fraud class actions and other complex litigation and obtained substantial recoveries on behalf of investors. *Id.*

As a result of their extensive experience in litigation involving issues similar to those raised in the instant Action, Nolan's choice of counsel have the skill, knowledge, expertise, resources, and experience that will enable them to prosecute this Action effectively and expeditiously. The Court may be assured that by approving Nolan's selections of Pomerantz as Lead Counsel and Rosen as Liaison Counsel, the Class members will receive the best legal representation available. Thus, Nolan respectfully urges the Court to appoint Pomerantz and Rosen to serve as Lead Counsel and Liaison Counsel, respectively, for the Class.

**<u>CONCLUSION</u>**

For the foregoing reasons, Nolan respectfully requests that the Court issue an Order: (1) appointing Nolan as Lead Plaintiff for the Class; and (2) approving Pomerantz as Lead Counsel and Rosen as Liaison Counsel for the Class.

Dated:   April 29, 2022                    Respectfully submitted,

                                **THE ROSEN LAW FIRM, P.A.**

                                */s/ Jacob A. Goldberg*
                                Jacob A. Goldberg (PA I.D. #66399)
                                101 Greenwood Avenue, Suite 440
                                Jenkintown, PA 19046
                                Telephone: .215.600.2817
                                Facsimile: 212.202.3827
                                jgoldberg@rosenlegal.com

11

*Counsel for Lead Plaintiff Movant Charles Casey Nolan and Proposed Liaison Counsel for the Class*

**POMERANTZ LLP**
Jeremy A. Lieberman
(*pro hac vice* application forthcoming)
J. Alexander Hood II
(*pro hac vice* application forthcoming)
600 Third Avenue, 20th Floor
New York, NY 10016
Telephone: (212) 661-1100
Facsimile: (212) 661-8665
jalieberman@pomlaw.com
ahood@pomlaw.com

*Counsel for Lead Plaintiff Movant Charles Casey Nolan and Proposed Lead Counsel for the Class*

12

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 29, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such to all CM/ECF participants.

Dated: April 29, 2022

*/s/ Jacob A. Goldberg*
Jacob A. Goldberg

13