**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |
|---|---|
| REBECCA LYNNE PATTERSON, Individually and On Behalf of All Others Similarly Situated,<br><br>        Plaintiff,<br><br>    v.<br><br>CABALETTA BIO, INC., STEVEN A. NICHTBERGER, ANUP MARDA, DAVID J. CHANG, CATHERINE BOLLARD, BRIAN DANIELS, RICHARD HENRIQUES, and MARK SIMON,<br><br>        Defendants. | Case No.: 2:22-cv-00737-JMY<br><br>CLASS ACTION |

**GRANT LACEY'S MEMORANDUM OF LAW IN**
**OPPOSITION TO COMPETING MOTION**
**FOR APPOINTMENT AS LEAD PLAINTIFF**

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT..................................................................................................1

ARGUMENT .........................................................................................................................2

    I.     The Movant With The "Largest Financial Interest" is Presumed the "Most Adequate Plaintinff" to Serve as Lead Plaintiff. ............................................................................2

    II.    Mr. Lacey Satisfies the Requirements of Rule 23...........................................................4

    III.   Approving Mr. Lacey's Choice Of Counsel Is Appropriate. .........................................6

CONCLUSION .....................................................................................................................7

## TABLE OF AUTHORITIES

**Cases**

*A.F.I.K. Holding SPRL v. Fass,*
216 F.R.D. 567 (D.N.J. 2003) ...................................................................................................5

*In re Cendant Corp. Litig.,*
264 F.3d 201 (3d Cir. 2001).................................................................................1, 3, 4, 6

*In re Enzymotec Ltd. Sec. Litig.,*
No. 14-5556, 2015 U.S. Dist. LEXIS 25720 (D.N.J. Mar. 3, 2015).........................................5

*Kaplan v. Gelfond,*
240 F.R.D. 88 (S.D.N.Y. 2007).................................................................................................3

*Lax v. First Merch. Acceptance Corp.,*
No. 97 C 2715, 1997 U.S. Dist. LEXIS 11866 (N.D. Ill. Aug. 11, 1997) .................................3

*In re Nice Sys. Sec. Litig.,*
188 F.R.D. 206 (D.N.J. 1999) ...................................................................................................3

*OFI Risk Arbitrages v. Cooper Tire & Rubber Co.,*
63 F. Supp. 3d 394 (D. Del. 2014).............................................................................................5

*In re Olsten Corp. Sec. Litig.,*
3 F. Supp. 2d 286 (E.D.N.Y. 1998) ...........................................................................................3

*Roby v. Ocean Power Techs.,*
No. 14-cv-3799 (FLW) (LHG), 2015 U.S. Dist. LEXIS 42388 (D.N.J. Mar. 17, 2015)........3, 6

*Sklar v. Amarin Corp. PLC,*
No. 13-cv-06663 (FLW) (TJB), 2014 U.S. Dist. LEXIS 103051 (D.N.J. July 29, 2014)...........6

**Statutes**

15 U.S.C. § 77z-1 ..............................................................................................................*passim*

15 U.S.C. § 78u-4..............................................................................................................*passim*

**PRELIMINARY STATEMENT**

This action is subject to the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 77z-1 and 15 U.S.C. § 78u-4 (the "PSLRA"). "Under the [PSLRA], one of a district court's first tasks is to select a lead plaintiff. Once the lead plaintiff has been appointed, the statute provides that the lead plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class." *In re Cendant Corp. Litig.,* 264 F.3d 201, 218 (3d Cir. 2001) (quotations omitted).

The PSLRA and binding Third Circuit precedent set forth a straightforward process for evaluating lead plaintiff applications. Most often, the movant with the "largest financial interest" in the litigation is appointed lead plaintiff. 15 U.S.C. § 77z-1(a)(3)(B)(iii) and 15 U.S.C. § 78u-4(a)(3)(B)(iii). Courts within the Third Circuit and elsewhere routinely compare movants' respective "financial interests" by using criteria such as the amount of losses suffered, number of shares purchased, and net funds expended. *Cendant*, 264 F.3d at 262. Here, that movant is Grant Lacey ("Mr. Lacey").

Only one other potential class member has sought appointment as the lead plaintiff, Charles Casey Nolan ("Mr. Nolan"). Here, under any criteria or rubric the Court may choose to apply, Mr. Lacey is the movant with the "largest financial interest" in the litigation. Between movant Mr. Lacey and movant Mr. Nolan, Mr. Lacey clearly possesses a greater financial interest in the litigation on each of the factors routinely evaluated by courts in this District to determine such interest:

| Movant | Gross Shares Purchased | Net Funds Expended | Claimed Losses |
|---|---|---|---|
| **Grant Lacey** | **1,682** | **$ 21,557.88** | **$ 16,399.10** |
| | | | |
| **Charles Casey Nolan** | 1,087 | $ 5,000.46 | $ 1,690.00 |

Simply put, Mr. Lacey has the largest financial interest in the outcome of the litigation because he: (i) sustained a greater loss than the only other competing movant; (ii) purchased more securities during the Class Period; and (iii) expended more funds in connection with his investment in Cabaletta securities than any other movant. Given the absence of any proof that Mr. Lacey is atypical or inadequate, Mr. Lacey is therefore entitled to the presumption of being the "most adequate plaintiff" and should be appointed as lead plaintiff in the Action. *See* 15 U.S.C. § 77z-1(a)(3)(B)(iii) and 15 U.S.C. § 78u-4(a)(3)(B)(iii).

## ARGUMENT

### I.     The Movant With The "Largest Financial Interest" is Presumed the "Most Adequate Plaintinff" to Serve as Lead Plaintiff.

The PSLRA sets forth the procedure for the selection of a lead plaintiff in "each private action arising under [the Securities and Exchange Acts] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. § 77z-1(a)(1) and 15 U.S.C. § 78u-4(a)(1); *see* 15 U.S.C. § 77z-1(a)(3)(B) and 15 U.S.C. § 78u-4(a)(3)(B). Following the required notice announcing the class action, class members interested in serving as lead plaintiff are required to file a motion seeking such relief within 60 days thereafter. 15 U.S.C. § 77z-1(a)(3)(A)(i) and 15 U.S.C. § 78u-4(a)(3)(A)(i). From the movants that file timely motions, the court then selects the one that "has the largest financial interest in the relief sought by the class" that "otherwise satisfies

2

the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I) and 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). Whichever movant the court selects on this issue is presumed to be the "most adequate plaintiff" to serve as lead plaintiff and, according to the PSLRA, shall be appointed so. *Id.*

The PSLRA does not define the term "largest financial interest." *See Cendant*, 264 F.3d at 262. Consequently, courts around the country consider a number of different factors when determining the issue of "financial interest." The Third Circuit, in particular, "agree[s] with the many district courts that have held that courts should consider, among other things: (1) the number of shares that the movant purchased during the putative class period; (2) the total net funds expended by the plaintiffs during the class period; and (3) the approximate losses suffered by the plaintiffs." *Id.* (citing *Lax v. First Merch. Acceptance Corp.,* No. 97 C 2715, 1997 U.S. Dist. LEXIS 11866, at *17 (N.D. Ill. Aug. 11, 1997), *In re Nice Sys. Sec. Litig.,* 188 F.R.D. 206, 217 (D.N.J. 1999), and *In re Olsten Corp. Sec. Litig.,* 3 F. Supp. 2d 286, 295 (E.D.N.Y. 1998)). Courts typically agree that that most important and outcome-determinative factor is the "approximate losses suffered." *Roby v. Ocean Power Techs.,* No. 14-cv-3799 (FLW) (LHG), 2015 U.S. Dist. LEXIS 42388, at *14 (D.N.J. Mar. 17, 2015) ("Indeed, courts in this circuit have accorded the third element, the largest financial loss, the greatest weight.") (collecting cases); *see also Kaplan v. Gelfond,* 240 F.R.D. 88, 93 (S.D.N.Y. 2007).

Mr. Lacey's "financial interest" in the litigation is larger than Mr. Nolan, the only other movant that filed for lead plaintiff:

3

| Movant | Gross Shares Purchased | Net Funds Expended | Claimed Losses |
|---|---|---|---|
| **Grant Lacey** | **1,682** | **$ 21,557.88** | **$ 16,399.10** |
|  |  |  |  |
| **Charles Casey Nolan** | 1,087 | $ 5,000.46 | $ 1,690.00 |

*See* ECF Nos. 3-5 and 4-3. The figures in the table above demonstrate that Mr. Lacey suffered the greatest overall loss in connection with his investments in Cabaletta securities when analyzed under all factors relied upon by the Third Circuit when measuring a movant's financial interest. As easily seen, Mr. Lacey purchased over ***one and a half*** times more shares, expended over ***four*** times more net funds, and lost almost ***ten*** times more than Mr. Nolan. This supports the conclusion that Mr. Lacey possesses the "largest financial interest" in the litigation.

## II.     Mr. Lacey Satisfies the Requirements of Rule 23.

The PSLRA provides a "presumption" of lead plaintiff in favor of the movant with the "largest financial interest" in the litigation that also satisfies the typicality and adequacy requirements of Federal Rule of Civil Procedure 23. Mr. Lacey possesses the "largest financial interest" in the litigation, as demonstrated above. In addition, Mr. Lacey is typical of the other members of the class and adequate to serve as lead plaintiff, and therefore is the presumptive lead plaintiff in this action. *See* ECF No. 3 at 6-9.

In determining whether a movant satisfies the typicality and adequacy requirements, "[t]he initial inquiry (i.e., the determination of whether the movant with the largest interest in the case 'otherwise satisfies' Rule 23) should be confined to determining whether the movant has made a prima facie showing of typicality and adequacy." *Cendant*, 264 F.3d at 263. A court's inquiry "need

4

not be extensive." *Id*. at 264. Mr. Lacey has indeed made this *prima facie* showing of typicality and adequacy—as explained in Mr. Lacey's opening brief, his claims are based on the same legal theory and arise out of the same course of events as the other purported class members' claims. ECF No. 3 at 7. Further, Mr. Lacey purchased Cabaletta securities at artificially inflated prices and sustained damages as a result thereof, just like the other purported class members. *Id*. These facts are routinely held to be sufficient to satisfy the preliminary threshold inquiry of typicality at the lead plaintiff stage. *See OFI Risk Arbitrages v. Cooper Tire & Rubber Co.,* 63 F. Supp. 3d 394, 401 (D. Del. 2014) (*prima facie* showing of typicality made where movant purchased shares in ordinary manner at inflated prices); *A.F.I.K. Holding SPRL v. Fass,* 216 F.R.D. 567, 572-73 (D.N.J. 2003) (typicality requirement met where movant alleged violations of Exchange Act and damages as a result thereof).

Similarly, Mr. Lacey also meets the adequacy requirements for serving as lead plaintiff. As explained in his opening brief, Mr. Lacey's interests are aligned with other members of the class, there is no evidence of any antagonism between him and the other class members, and he has a significant and compelling interest in litigating the claims in light of the substantial losses he has incurred. ECF No. 3 at 8-9. Furthermore, Mr. Lacey's certification (submitted in support of his opening brief) evidences his willingness to serve as representative of the Class. ECF No. 3-4. Finally, Mr. Lacey's selection of Levi & Korsinsky, LLP as counsel also evidences his adequacy to serve as lead plaintiff, as Levi & Korsinsky, LLP is a firm with significant experience leading class action securities fraud lawsuits. *See* Firm Resume, ECF No. 3-7. Facts such as these are regularly held sufficient in terms of meeting the threshold inquiry of adequacy at the lead plaintiff selection stage. *See In re Enzymotec Ltd. Sec. Litig.*, No. 14-5556, 2015 U.S. Dist. LEXIS 25720, at *11 (D.N.J. Mar. 3, 2015) (father and son met threshold inquiry regarding adequacy); *Sklar v. Amarin Corp. PLC,* No. 13-cv-06663 (FLW) (TJB), 2014 U.S. Dist. LEXIS 103051, at *21 (D.N.J.

July 29, 2014) (showing of adequacy made where movant had significant losses and no evidence of adverse interests).

Given Mr. Lacey's showing of typicality and adequacy, it is incumbent upon the other movants to provide "proof" to the contrary. *Cendant*, 264 F.3d at 268. "[O]nce the presumption is triggered, the question is not whether another movant might do a better job of protecting the interests of the class than the presumptive lead plaintiff; instead, the question is whether anyone can prove that the presumptive lead plaintiff will not do a 'fair[] and adequate[]' job." *Id*. The only competing movant has not, and indeed cannot, provide any proof that Mr. Lacey "will not fairly and adequately protect the interests of the class or is subject to unique defenses that render [it] incapable of representing the class. *Sklar*, 2014 U.S. Dist. LEXIS 103051, at *18 (quoting 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)).

### III.   Approving Mr. Lacey's Choice Of Counsel Is Appropriate.

"Under the PSLRA, task of selecting lead counsel is given to the most adequate plaintiff, subject to the approval of the court." *Roby*, 2015 U.S. Dist. LEXIS 42388, at *14 (citing 15 U.S.C. § 78u-4(a)(3)(B)(v)). Mr. Lacey has selected Levi & Korsinsky, LLP to serve as lead counsel. Levi & Korsinsky, LLP is well-qualified to serve as lead counsel in this class action and, therefore, should be approved as lead counsel. *See* Firm Resume, ECF No. 3-7. With approximately 25 attorneys across five different offices, Levi & Korsinsky, LLP stands ready, willing and able to prosecute this case. Likewise, Pribanic & Pribanic, LLC is well qualified to serve as Liaison Counsel. *See* ECF 3-7.

**CONCLUSION**

Mr. Lacey respectfully request that the Court grant his Motion in its entirety and issue an order appointing Mr. Lacey as Lead Plaintiff and Levi & Korsinsky, LLP as Lead Counsel, and Pribanic & Pribanic, LLC as Liaison Counsel.

DATED: May 13, 2022

Respectfully Submitted,

**PRIBANIC & PRIBANIC, LLC**

*/s/ Vincent A. Coppola*
Vincent A. Coppola, Esq.
Penn. Attorney #50181
513 Court Place
Pittsburgh, PA 15219
Tel: (412) 281-8844
Fax: (412) 281-4740
Email: vcoppola@pribanic.com

*Proposed Liaison Counsel for Lead Plaintiff
Movant Grant Lacey and the Class*

**LEVI & KORSINSKY, LLP**
Adam M. Apton
(*pro hac vice* forthcoming)
55 Broadway, 10th Floor
New York, NY 10006
Tel: (212) 363-7500
Fax: (212) 363-7171
Email: aapton@zlk.com

*Proposed Lead Counsel for Lead Plaintiff
Movant Grant Lacey and the Class*

**CERTIFICATE OF SERVICE**

I hereby certify that on May 13, 2022, I electronically filed the foregoing with the Clerk of

Court using the CM/ECF system, which will send notification of such to all CM/ECF participants.


Dated: May 13, 2022

/s/ *Vincent A. Coppola*
Vincent A. Coppola

8