**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| REBECCA LYNNE PATTERSON, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> CABALETTA BIO, INC., STEVEN A. NICHTBERGER, ANUP MARDA, DAVID J. CHANG, CATHERINE BOLLARD, BRIAN DANIELS, RICHARD HENRIQUES, and MARK SIMON, <br><br> Defendants. | Case No.: 2:22-cv-00737-JMY <br><br> CLASS ACTION |

**GRANT LACEY'S MEMORANDUM OF LAW IN FURTHER SUPPORT OF HIS**
**MOTION FOR APPOINTMENT AS LEAD PLAINTIFF**

## PRELIMINARY STATEMENT

The PSLRA sets forth a sequential procedure for the appointment of a lead plaintiff in a securities class action. The first is to identify which plaintiff or movant has the "largest financial interest in the relief sought by the class." 15 U.S.C. §77z-1(a)(3)(B)(iii)(I)(bb) and 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(bb).[1] The person the court identifies as possessing the "largest financial interest" is entitled to a presumption that such person is the "most adequate plaintiff." 15 U.S.C. §77z-1(a)(3)(B)(iii)(I) and 15 U.S.C. §78u-4(a)(3)(B)(iii)(I). The PSLRA further states that the court "shall appoint" the "most adequate plaintiff" as lead plaintiff unless this presumption is rebutted by "evidence" or "proof" that the most adequate plaintiff will "not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. §77z-1(a)(3)(B)(iii)(II) and 15 U.S.C. §78u-4(a)(3)(B)(iii)(II); *see* 15 U.S.C. §77z-1(a)(3)(B)(i) and 15 U.S.C. §78u-4(a)(3)(B)(i) (stating that the court "shall appoint as the lead plaintiff . . . 'the most adequate plaintif[.]'"

This Action alleges that it is "on behalf of a class consisting of all persons and entities other than Defendants who purchased or otherwise acquired: (a) Cabaletta common stock pursuant and/or traceable to the Offering Documents (defined below) issued in connection with the Company's initial public offering conducted on or about October 24, 2019 (the "IPO" or "Offering"); and/or (b) Cabaletta securities between October 24, 2019 and December 13, 2021, both dates inclusive (the "Class Period")." ¶ 1. Mr. Lacey has met the class definition through his purchase of Cabaletta securities during the Class Period. Moreover, Mr. Lacey clearly has the largest financial interest in the Action, and is therefore enetitled to the presumption that he is the

---

[1] Capitalized terms, unless otherwise defined, shall have the meaning ascribed to them in the Memorandum In Support of Motion of Grant Lacey for Appointment as Lead Plaintiff and Approval of Selection of Counsel (ECF No. 3-2) or in Grant Lacey's Memorandum Of Law In Opposition To the Competing Motion For Appointment as Lead Plaintiff (ECF No. 6).

most adequate plaintiff. Thus, this Court should appoint Mr. Lacey as lead plaintiff unless another movant can rebut the presumption afford to Mr. Lacey through proof of evidence. This has not been done. In fact, the only other lead plaintiff movant, Mr. Nolan, has already filed a notice of non-opposition, recognizing that he does not have the largest financial interest. ECF No. 5. Accordingly, Mr. Lacey respectfully requests the Court to grant his motion in its entirety.

## ARGUMENT

The PSLRA provides a "presumption" of lead plaintiff in favor of the movant with the "largest financial interest" in the litigation that also satisfies the typicality and adequacy requirements of Federal Rule of Civil Procedure 23. It is undisputed that Mr. Lacey has the "largest financial interest" in the Action of all class members who sought appointment. Mr. Lacey incurred approximately $16,399.10 in financial losses from his investments in Cabaletta securities compared to Mr. Nolan's $1,690.00, purchased and held over 1,600 Cabaletta securities compared to Mr. Nolan's 1,087, and expended $21,557.88 in net funds compared to Mr. Nolan's $5,000.46. (ECF No. 6 at 4. Notably, Mr. Nolan has not raised any arguments against Mr. Lacey possessing the largest financial interest.

Further, it is undisputed that Mr. Lacey is typical of the other members of the class. A *prima facie* showing of typicality is made where a lead plaintiff movant purchased shares in an ordinary manner at inflated prices. *OFI Risk Arbitrages v. Cooper Tire & Rubber Co.,* 63 F. Supp. 3d 394, 401 (D. Del. 2014). Mr. Lacey purchased Cabaletta securities at artificially inflated prices and sustained damages as a result thereof, just like the other purported class members. ECF No. 3-2 at 7. Moreover, as explained in Mr. Lacey's opening and opposition briefs, his claims are based on the same legal theory and arise out of the same course of events as the other purported class members' claims. ECF Nos. 3-2 at 7, 6 at 5. *See In re Merck & Co., Inc. Securities,* No. 05-cv-

3

1151, 2013 U.S. Dist. LEXIS 13511, at *39-40 (D.N.J. Jan. 20, 2013), *In re PharmaPrint, Inc. Sec. Litig.*, No. 00-cv-00061, 2002 U.S. Dist. LEXIS 19845, at *16 (D.N.J. April 17, 2002).

A movant can demonstrate adequacy by showing that "(a) the [movant's] attorney must be qualified, experienced, and generally able to conduct the proposed litigation, and (b) the [movant] must not have interests antagonistic to those of the class." *PharmaPrint,* 2002 U.S. Dist. LEXIS 19845, at *16-17. Mr. Lacey's interests are also clearly aligned with the members of the proposed Class. Not only is there no evidence of any antagonism between Mr. Lacey's interests and those of the class, but Mr. Lacey has a significant and compelling interest to prosecute the Action based on the large financial losses he has suffered as a result of the wrongful conduct alleged in the Action. *Id.* Mr. Lacey has selected and retained Levi & Korsinsky as the proposed Lead Counsel for the Class. Levi & Korsinsky is highly experienced in securities class actions and is well qualified to litigate the Action on behalf of the Class and its appointment should also be approved. *See* ECF No. ECF 3-7, Ex. E (firm résumés of Levi & Korsinsky and Pribanic & Pribanic). Likewise, Pribanic & Pribanic, LLC is well qualified to serve as Liaison Counsel. *Id.*

Given that Mr. Nolan has waived any arguments that Mr. Lacey has the largest financial interest or is somehow atypical and/or inadequate, the Court should appoint Mr. Lacey as the lead plaintiff unless Mr. Nolan has rebutted the presumption that the PSLRA affords to Mr. Lacey. *See* 15 U.S.C. §77z-1(a)(3)(B)(iii)(II) and 15 U.S.C. §78u-4(a)(3)(B)(iii)(II); 15 U.S.C. §77z-1(a)(3)(B)(i) and 15 U.S.C. §78u-4(a)(3)(B)(i). "The Reform Act is quite specific on this point, providing that the presumption 'may be rebutted only upon proof by a member of the purported plaintiff class that the presumptively most adequate plaintiff—(aa) will not fairly and adequately protect the interests of the class; or (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.'" *In re Cendant Corp. Litig.,* 264 F.3d 201, 268 (3d

Cir. 2001) (quoting 15 U.S.C. §78u-4(a)(3)(B)(iii)(II)). It is no surprise that Mr. Nolan has proffered no such proof because none exists. In fact, Mr. Nolan has filed a non-opposition to Mr. Lacey's motion, in which Mr. Nolan acknowledges dging that he does not possess the "largest financial interest" pursuant to the PSLRA. ECF No. 5. Thus this Court should appoint Mr. Lacey as the lead plaintiff to represent the interests of the Class pursuant to 15 U.S.C. §77z-1 and 15 U.S.C. §78u-4

## CONCLUSION

For the foregoing reasons, Mr. Lacey respectfully requests that this Court: (1) appoint Grant Lacey as Lead Plaintiff, (2) approve his selection of Levi & Korsinsky as Lead Counsel and Pribanic & Pribanic as Liaison Counsel, for the Class, and (3) grant such other relief as the Court may deem just and proper.

DATED: May 20, 2022

Respectfully Submitted,

**PRIBANIC & PRIBANIC, LLC**

*/s/ Vincent A. Coppola*
Vincent A. Coppola, Esq.
Penn. Attorney #50181
513 Court Place
Pittsburgh, PA 15219
Tel: (412) 281-8844
Fax: (412) 281-4740
Email: vcoppola@pribanic.com

*Proposed Liaison Counsel for Lead Plaintiff Movant Grant Lacey and the Class*

**LEVI & KORSINSKY, LLP**
Adam M. Apton
(*pro hac vice* forthcoming)
55 Broadway, 10th Floor
New York, NY 10006
Tel: (212) 363-7500
Fax: (212) 363-7171
Email: aapton@zlk.com

*Proposed Lead Counsel for Lead Plaintiff Movant Grant Lacey and the Class*

5

## CERTIFICATE OF SERVICE

I hereby certify that on May 20, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such to all CM/ECF participants.

Dated: May 20, 2022

/s/ *Vincent A. Coppola*
Vincent A. Coppola

6